**JUDGE SCHEINDLIN**

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:   (212) 317-1200
Facsimile:   (212) 317-1620
*Attorneys for Plaintiffs*



**09 CIV 7526**

RECEIVED AUG 27 2009 U.S.D.C. S.D. N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SALVADOR DELGADO, PEDRO FLORES
and DESIDERIO VILLALBA, *individually
and on behalf of others similarly situated*,

                      *Plaintiffs*,

      -against-

CIRCA 33RD STREET LLC, J & H
EATERIES LLC. d/b/a CIRCA NY, and
RICHARD COHEN,

                      *Defendants.*
----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Salvador Delgado, Pedro Flores and Desiderio Villalba, individually and on behalf of others similarly situated (collectively the "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Defendants Circa 33rd Street LLC and J & H Eateries LLC, d/b/a Circa NY (hereinafter "Circa NY"), and Richard Cohen, (collectively the "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs are former employees of Defendants Circa 33rd Street LLC and J & H Eateries LLC (hereinafter "Circa"), and Richard Cohen, who own and operate Circa NY.

2. Defendant Circa, by and through its owners, operates a kosher restaurant located at 22 West 33rd Street, New York, New York under the name of Circa NY.

3. Defendant Circa is owned and operated by Individual Defendant Richard Cohen, as Circa NY's Chairman and/or Chief Executive Officer.

4. Upon information and belief, Individual Defendant Richard Cohen, serves as owner, principal or agent of Defendant Circa.

5. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiffs to work in excess of forty (40) hours per week without paying them the minimum wage and overtime compensation required by federal and state laws.

6. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.*, and liquidated damages, interest, attorneys' fees, and costs, and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order").

7. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

9. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendant Circa, by and through its owners, operates one restaurant located in this district, and exists under the laws of the State of New York. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiff Salvador Delgado*

10. Plaintiff Salvador Delgado ("Plaintiff Delgado" or "Mr. Delgado") is an adult individual residing in Queens County, New York.

11. Plaintiff Delgado had been employed by the Defendants from approximately February 2007 until May 2009.

12. Plaintiff Delgado's duties included (and have included for all times relevant to this action), preparing sandwiches for individual customers and catering jobs; and preparing individual salads for customers as well as the salads used for the salad bar.

13. Plaintiff Delgado's work duties required neither discretion nor independent judgment.

14. From approximately February 2007 until May 2009, Plaintiff Delgado regularly worked in excess of 40 hours per week.

15. Throughout his employment with the Defendants, Plaintiff Delgado worked a schedule from 6:00 a.m. to 9:00 p.m., Mondays, Tuesdays, and Thursdays; from 6:00 a.m. to 5:00 p.m. on Wednesdays; and from 6:00 a.m. to 4:00 p.m. on Fridays (with Saturdays and Sundays off). However, Mr. Delgado was also required to work an additional day (Sundays) from 7:00 a.m. to 11:00 a.m. once every 2 months.

16. Throughout his employment, Plaintiff Delgado was paid at the rate of $9.00 per hour.

17. Throughout his employment with the Defendants, Plaintiff Delgado was paid with a combination of check and cash.

18. However, Defendants did not provide Plaintiff Delgado with any document or other statement accounting for Mr. Delgado's actual hours worked, and setting forth the rate of pay for all of his hours worked.

19. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Delgado regarding wages as required under the NYLL.

*Plaintiff Pedro Flores*

20. Plaintiff Pedro Flores ("Plaintiff Flores" or "Mr. Flores") is an adult individual residing in Queens County, New York.

21. Plaintiff Flores had been employed by the Defendants from approximately March 2000 until June 2009. However for purposes of the Statute of Limitations, this action concentrates on the time period from approximately August 2003 until June 2009.

22. Plaintiff Flores's duties included (and have included for all times relevant to this action), those of a salad preparer, which means he had to cut up different types of vegetables for

salads. In addition, he was also required to attend the cash register, and assist customers, as well as wipe and clean the counters.

23. Plaintiff Flores's work duties required neither discretion nor independent judgment.

24. From approximately August 2003 until June 8, 2009, Plaintiff Flores regularly worked in excess of 40 hours per week.

25. Throughout his employment with the Defendants, Plaintiff Flores worked a schedule from 8:00 a.m. to 9:00 p.m., Mondays through Thursdays, and from 9:00 a.m. to 4:00 p.m. on Fridays (with Saturdays and Sundays off). However, during the months of December through February, Mr. Flores was also required to work an additional day (Sundays) from 11:00 a.m. to 5:00 p.m.

26. Throughout his employment, Plaintiff Flores was paid at the rate of $9.00 per hour.

27. From approximately August 2003 to 2006, Plaintiff Flores was paid with cash, and from approximately 2007 until June 2009, Mr. Flores was paid with a combination of check and cash.

28. However, Defendants did not provide Plaintiff Flores with any document or other statement accounting for Mr. Flores's actual hours worked, and setting forth the rate of pay for all of his hours worked.

29. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Flores regarding wages as required under the NYLL.

## *Plaintiff Desiderio Villalba*

30. Plaintiff Desiderio Villalba ("Plaintiff Villalba" or "Mr. Villalba") is an adult individual residing in Queens County, New York.

31. Plaintiff Villalba had been employed by the Defendants from approximately 2001 until July 17, 2009. However for purposes of the Statute of Limitations, this action concentrates on the time period from approximately August 2003 until July 17, 2009.

32. Plaintiff Villalba's duties included (and have included for all times relevant to this action), those of a salad preparer, which means he had to cut up different types of vegetables for salads, and prepare the salad dressings.

33. Plaintiff Villalba's work duties required neither discretion nor independent judgment.

34. From approximately August 2003 until July 17, 2009, Plaintiff Villalba regularly worked in excess of 40 hours per week.

35. From approximately August 2003 until December 2004, Plaintiff Villalba worked a schedule from 6:00 a.m. to 7:00 p.m., Mondays through Saturdays. During this time period, Mr. Villalba was also required to work on Sundays. From approximately January 2005 until December 2005, Mr. Villalba worked a schedule from 6:00 a.m. to 4:30 p.m., Mondays through Fridays. From approximately January 2006 until December 2006, Mr. Villalba worked a schedule from 6:00 a.m. to 6:00 p.m., Mondays through Fridays. From approximately January 2007 until December 2007, Mr. Villalba worked a schedule from 6:00 a.m. to 5:00 p.m., Mondays through Fridays. From approximately January 2008 until May 2008, Mr. Villalba worked a schedule from 5:30 a.m. to 5:15 p.m., Mondays through Fridays. From approximately June 2008 until December 2008, Mr. Villalba worked a schedule from 6:00 a.m. to 5:00 p.m.,

Mondays through Fridays. From approximately January 2009 until July 17, 2009, Mr. Villalba worked a schedule from 5:00 a.m. to 4:00 p.m., Mondays through Fridays.

36. From approximately August 2003 until December 2004, Mr. Villalba was paid at the rate of $7.50 per hour. From approximately January 2005 until December 2005, Mr. Villalba was paid at the rate of $8.50 per hour. From approximately January 2006 until December 2006, Mr. Villalba was paid at the rate of $9.00 per hour. From approximately January 2007 until July 17, 2009, Mr. Villalba was paid at the rate of $10.00 per hour.

37. From approximately August 2003 until December 2004, Plaintiff Villalba was paid with a check. From approximately January 2005 until December 2006, Mr. Villalba was paid with cash. From approximately January 2007 until July 17, 2009, Mr. Villalba was paid with a combination of check and cash.

38. However, Defendants did not provide Plaintiff Villalba with any document or other statement accounting for Mr. Villalba's actual hours worked, and setting forth the rate of pay for all of his hours worked.

39. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Villalba regarding wages as required under the NYLL.

*Defendants*

40. Defendant Circa 33rd Street LLC ("Circa 33rd Street" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a kosher restaurant located in Manhattan, New York under the name of Circa NY, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 115 Broadway, New York, New York 10006.

41. Defendant J & H Eateries LLC ("J & H Eateries" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a kosher restaurant located in Manhattan, New York under the name of Circa NY, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 22 West 33rd Street, New York, New York 10001.

42. Defendant Richard Cohen ("Defendant Cohen") is an individual engaged in business in this judicial district. Defendant Cohen is sued individually in his capacity as an owner, officer and/or agent of all Defendant Corporations. Defendant Cohen possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporation, controls significant functions of Defendant Corporations, determines the wages and compensation of the employees, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

43. Circa 33rd Street LLC is a corporation owned, controlled, and operated by Individual Defendant Cohen.

44. J & H Eateries LLC is a corporation owned, controlled, and operated by Individual Defendant Cohen.

45. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

46. In each year from 2003 to the present, the Defendants had gross annual sales of not less than $500,000.

47. Upon information and belief, Defendant Cohen (1) operates Circa 33rd Street LLC as either an alter ego of himself, and/or (2) fails to operate Circa 33rd Street LLC as an entity legally separate and apart from his own self, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate Circa 33rd Street LLC as a corporation, (b) defectively forming or maintaining the corporate entity of Circa 33rd Street LLC, by amongst other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all Defendants, (d) operating Circa 33rd Street LLC for his own benefit as the sole or majority shareholder, (e) operating Circa 33rd Street LLC for his own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of his own with Circa 33rd Street LLC, (g) diminishing and/or transferring assets in favor of bankruptcy of the entity to avoid full liability as necessary to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

48. Upon information and belief, Defendant Cohen (1) operates J & H Eateries LLC as either an alter ego of himself, and/or (2) fails to operate J & H Eateries LLC as an entity legally separate and apart from his own self, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate J & H Eateries LLC as a corporation, (b) defectively forming or maintaining the corporate entity of J & H Eateries LLC, by amongst other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all Defendants, (d) operating J & H Eateries LLC for his own benefit as the sole or majority shareholder, (e) operating J & H Eateries LLC for his own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of his own with J & H Eateries LLC, (g) diminishing and/or transferring assets in favor of bankruptcy

of the entity to avoid full liability as necessary to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

49. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*General Employment Practices*

50. Defendants regularly required the Plaintiffs to work in excess of forty (40) hours per week without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

51. Plaintiffs were paid at or below the minimum wage. As detailed below, Defendants' pay practices resulted in Plaintiffs not receiving payment for all of their hours, so their effective rate of pay was reduced below the minimum wage.

52. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by neglecting to maintain accurate and complete timesheets and payroll records.

53. For example, Defendants usually paid the Plaintiff entirely in cash.

54. Upon information and belief, this was done to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

55. Defendants did not pay Plaintiffs for their full time worked, nor did they pay additional overtime pay.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

57. Plaintiffs brings their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

58. At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

59. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

60. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to

hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

61. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

62. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

63. Defendants intentionally, or otherwise, failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

64. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

65. Plaintiffs have been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

66. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

67. Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

68. Defendants' failure to pay Plaintiffs and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

70. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

72. Defendants knowingly, or otherwise in violation of the NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

73. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

74. Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

75. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

76. Defendants willfully, or otherwise in violation of the NYLL and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

77. Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

78. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

80. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

81. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 and 137-3.11.

82. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

83. Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d) Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f) Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiffs (including the prospective collective class members)

liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k) Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m) Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiffs liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o) Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

- 17 -

(p)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees; and

(q)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 27, 2009

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
    Michael Faillace [MF-8436]

110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*